## IN UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWERMATE CORPORATION<br>f/k/a COLEMAN POWERMATE, INC.,<br>a Nebraska corporation,<br><br>       Plaintiff,<br><br>       v.<br><br>WAL-MART STORES, Inc.,<br>A Delaware corporation, individually and<br>d/b/a SAM'S CLUB<br><br>       Defendant. | Civil Action No. 1:08-cv-00434 |

### ANSWER TO PLAINTIFF'S COMPLAINT

Wal-Mart Stores, Inc. ("Wal-Mart"), defendant in the above-referenced matter, hereby files it answer (the "Answer") to the complaint (the "Complaint") filed by the plaintiff, Powermate Corporation f/k/a Coleman Powermate, Inc. ("Powermate"), and would show the Court as follows:

### ANSWER

Wal-Mart hereby responds, paragraph by paragraph, to the allegations contained in the Plaintiff's Complaint:

1.      Paragraph 1 of the Complaint contains statements pertaining to the legal status of Powermate that Wal-Mart need not admit or deny. To the extent otherwise, Wal-Mart denies same.

2.      Paragraph 1 of the Complaint contains background material that Wal-Mart need not admit or deny. To the extent otherwise, Wal-Mart denies same.

3.      Wal-Mart admits the allegations contained in paragraph 3 of the Complaint.

4.      Wal-Mart denies the allegations contained in paragraph 4 of the Complaint. Sam's Club West, Inc. and Sam's Club East, Inc. (collectively, "Sam's Club") are separate legal entities and Wal-Mart does not transact business doing business as Sam's Club.

5.      To the extent that the allegations in paragraph 6 of the Complaint allege presentation and due dates of invoices outside of the course of dealing between Wal-Mart and Powermate, Wal-Mart denies same.  To the extent that the allegations in paragraph 6 of the Complaint allege that the Invoices attached as Exhibit A to the Complaint represent a complete and accurate record of amounts allegedly owed from Wal-Mart to Powermate, Wal-Mart denies same.

6.      At this time, Wal-Mart is without sufficient information to determine the validity of the allegation contained in paragraph 7 of the Complaint.  Therefore, Wal-Mart denies the allegation contained in paragraph 7 of the Complaint.

7.      Wal-Mart admits the allegation contained in paragraph 8 of the Complaint.

8.      At this time, Wal-Mart is without sufficient information to determine the validity of the allegations contained in paragraph 9 of the Complaint.  Therefore, Wal-Mart denies the allegations contained in paragraph 9 of the Complaint.

9.      Paragraph 10 of the Complaint is a statement incorporating previous paragraphs that Wal-Mart need not admit or deny.  To the extent otherwise, Wal-Mart denies same.

10.      Wal-Mart admits the allegations made in paragraph 11 of the Complaint to the extent that Powermate provided invoices to Wal-Mart in the ordinary course of its business.  To the extent that the allegations in paragraph 11 of the Complaint allege presentation and due dates of invoices outside of the course of dealing between Wal-Mart and Powermate, Wal-Mart denies same.  To the extent that Powermate alleges that the Invoices attached as Paragraph A to the

Complaint, and the Summary attached as Paragraph B to the Complaint, represent a complete and accurate record of amounts allegedly owed from Wal-Mart to Powermate, Wal-Mart denies same.

11.    At this time, Wal-Mart is without sufficient information to determine the validity of the allegation contained in paragraph 12 of the Complaint.  Therefore, Wal-Mart denies the allegation contained in paragraph 12 of the Complaint.

12.    Wal-Mart denies the allegation made in paragraph 13 of the Complaint.

13.    Paragraph 14 of the Complaint is a statement incorporating previous paragraphs that Wal-Mart need not admit or deny.  To the extent otherwise, Wal-Mart denies same.

14.    At this time, Wal-Mart is without sufficient information to determine the validity of the allegation contained in paragraph 15 of the Complaint.  Therefore, Wal-Mart denies the allegation contained in paragraph 15 of the Complaint.

15.    At this time, Wal-Mart is without sufficient information to determine the validity of the allegation contained in paragraph 16 of the Complaint.  Therefore, Wal-Mart denies the allegation contained in paragraph 16 of the Complaint.

16.    At this time, Wal-Mart is without sufficient information to determine the validity of the allegation contained in paragraph 17 of the Complaint.  Therefore, Wal-Mart denies the allegation contained in paragraph 17 of the Complaint.

17.    Wal-Mart denies the allegation made in paragraph 18 of the Complaint.

18.    Paragraph 19 of the Complaint is a statement incorporating previous paragraphs that Wal-Mart need not admit or deny.  To the extent otherwise, Wal-Mart denies same.

19.    Wal-Mart admits the allegations in paragraph 20 of the Complaint.

20.    At this time, Wal-Mart is without sufficient information to determine the validity of the allegation contained in paragraph 21 of the Complaint.  Therefore, Wal-Mart denies the allegation contained in paragraph 21 of the Complaint.

21.    At this time, Wal-Mart is without sufficient information to determine the validity of the allegation contained in paragraph 22 of the Complaint.  Therefore, Wal-Mart denies the allegation contained in paragraph 22 of the Complaint.

22.    Wal-Mart admits the allegation in paragraph 23 of the Complaint.

23.    Wal-Mart denies the allegation in paragraph 24 of the Complaint.

### AFFIRMATIVE DEFENSES AND RESERVATION OF RIGHTS WITH REGARD TO SAME

24.    On March 17, 2008 (the "Petition Date"), Powermate filed a voluntary petition under chapter 11 (the "Bankruptcy Case") of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), in the Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

25.    Prior to the Petition Date, Wal-Mart and Powermate entered into a Supplier Agreement dated May 18, 2005 (the "Supplier Agreement").   The Supplier Agreement was rejected by order of the Bankruptcy Court on April 15, 2008.  Although the Supplier Agreement has been rejected, its terms will govern claims that accrued during the pre-petition and the post-petition period that the Supplier Agreement was in effect, and therefore will govern certain affirmative defenses raised herein by Wal-Mart.

26.    Wal-Mart affirmatively alleges that it is entitled under the terms of the Supplier Agreement and pursuant to § 553 of the Bankruptcy Code, to setoff and/or recoup all, or a portion of, the debt sought by Powermate on account of actual and contingent debts owed by Powermate to Wal-Mart.  Such debts include, but are not limited to, Powermate's actual and

contingent debts to Wal-Mart resulting from returns of Powermate's products to Wal-Mart by Wal-Mart's customers.

27.    Wal-Mart affirmatively alleges that it is entitled under the terms of the Supplier Agreement and pursuant to § 553 of the Bankruptcy Code, to setoff and/or recoup all, or a portion of, the debt sought by Powermate on account of actual and contingent losses incurred by Wal-Mart as a result of doing business with Powermate.  Such losses include, but are not limited to, actual and contingent losses incurred by Wal-Mart related to the action currently pending by Richard M. Morvan against Wal-Mart and Powermate in Massachusetts state District Court (the "Morvan Lawsuit").  To date, Wal-Mart has incurred losses in the amount of $11,523.06 related to the Morvan Lawsuit, inclusive of attorneys' fees.

28.    Wal-Mart affirmatively alleges that payment is not currently due on certain of the Invoices because the Invoices were not properly presented to Wal-Mart. These invoices include invoice numbers 6659852, 6859921, 8669947, and 8660236.

29.    Wal-Mart affirmatively alleges that payment is not currently due on certain of the Invoices because Powermate failed to provide Wal-Mart with proof of delivery.

30.    Wal-Mart reserves the right to assert any additional affirmative defenses against Powermate's claims set forth in the Complaint as such becomes known during the course of this proceeding, and to pursue a claim for reimbursement and attorneys' fees.

WHEREFORE, Wal-Mart respectfully requests that the Court deny all relief sought by Powermate in this proceeding, that Wal-Mart recover its costs and attorneys' fees, and that Wal-Mart have all such other and further relief as may be just.

Dated:  July 21, 2008.

Respectfully Submitted,

POTTER ANDERSON & CORROON LLP
Laurie Selber Silverstein (No. 2396)
Jaime Luton White (No. 4936)
1313 N. Market Street, 7th Floor
Wilmington, Delaware 19899
Telephone: (302) 984-6000
Fax: (302) 658-1192
jwhite@potteranderson.com

-and-

HAYNES AND BOONE, LLP
Scott Everett
Jason Binford
901 Main Street, Suite 3100
Dallas, Texas 75202
Telephone:  (214) 651-5000
Facsimile:  (214) 651-5940

*Counsel to Wal-Mart Stores, Inc.*

#875274v1 v.

## IN UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF DELAWARE

POWERMATE CORPORATION
f/k/a COLEMAN POWERMATE, INC.,
a Nebraska corporation,

      Plaintiff,

      v.

WAL-MART STORES, Inc.,
A Delaware corporation, individually and
d/b/a SAM'S CLUB

      Defendant.

Civil Action No. 1:08-cv-00434

## CERTIFICATE OF SERVICE

I, Jaime Luton White, hereby certify that on this 21st day of July, 2008, I caused a true

and correct copy of *Answer to Plaintiff's Complaint* to be served upon the following individual

in the manner indicated:

Curtis J. Crowther, Esquire
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19899
*Via Hand Delivery*

Under penalty of perjury, I declare the foregoing is true and correct.

Dated: July 21, 2008
      Wilmington, Delaware

Jaime Luton White (No. 4936)
POTTER ANDERSON & CORROON LLP
1313 N. Market Street, 7th Floor
Wilmington, DE 19899
Telephone (302) 984-6000
Fax (302) 658-1192
Email:  jwhite@potteranderson.com